UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



UNITED STATES OF AMERICA

v.

DAVID E. BURKE,

Defendant

Criminal No. 1:14-cr-397-3

Hon. Anthony Ⅰ. Trenga

## PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia, Alexander

T.H. Nguyen, Kellen S. Dwyer, and Jay V. Prabhu, Assistant United States Attorneys, the

defendant, David E. Burke, and the defendant's counsel, Stuart A. Sears and Marc Agnifilo, have

entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The

terms of the agreement are as follows:

**1. Offense and Maximum Penalties**

The defendant agrees to plead guilty to Counts One, Eight, Nineteen, Twenty-Four, and

Twenty-Five of the indictment charging the defendant with the following:

Count One, conspiracy, in violation of Title 18, United States Code, Section 371. The

maximum penalties for this offense are a maximum term of five years of imprisonment, a fine of

$250,000, a special assessment, and three years of supervised release.

Count Eight, smuggling, in violation of Title 18, United States Code, Section 545. The

maximum penalties for this offense are a maximum term of 20 years of imprisonment, a fine of

$250,000, a special assessment, and three years of supervised release.

Count Nineteen, introducing misbranded drugs and devices in interstate commerce, in

violation of Title 21, United States Code, Section 331(a). The maximum penalties for this

1

offense are a maximum term of three years of imprisonment, a fine of $10,000, a special assessment, and one year of supervised release.

Count Twenty-Four, unlicensed wholesale distribution of prescription drugs, in violation of Title 21, United States Code, Section 331(t). The maximum penalties for this offense are a maximum term of ten years of imprisonment, a fine of $250,000, a special assessment, and three years of supervised release.

Count Twenty-Five, conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h). The maximum penalties for this offense are a maximum term of twenty years of imprisonment, a fine of $500,000, a special assessment, and three years of supervised release.

Full restitution may also be ordered. The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

**2.    Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

**3.    Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain

2

rights as provided in this agreement.  The defendant understands that the rights of criminal

defendants include the following:

      a.     the right to plead not guilty and to persist in that plea;

      b.     the right to a jury trial;

      c.     the right to be represented by counsel – and if necessary have the court

                appoint counsel – at trial and at every other stage of the proceedings; and

      d.     the right at trial to confront and cross-examine adverse witnesses, to be

                protected from compelled self-incrimination, to testify and present

                evidence, and to compel the attendance of witnesses.

### 4.   Role of the Court and the Probation Office

The defendant understands that the Court has jurisdiction and authority to impose any

sentence within the statutory maximum described above but that the Court will determine the

defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a).

The defendant understands that the Court has not yet determined a sentence and that any estimate

of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing

Guidelines Manual the defendant may have received from the defendant's counsel, the United

States, or the Probation Office, is a prediction, not a promise, and is not binding on the United

States, the Probation Office, or the Court.  Additionally, pursuant to the Supreme Court's

decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court, after

considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a

sentence above or below the advisory sentencing range, subject only to review by higher courts

for reasonableness.  The United States makes no promise or representation concerning what

sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that the base offense level applicable here is 6, pursuant to U.S.S.G. § 2N2.1(a)). The defendant understands that the government will argue at sentencing that the applicable loss figure is $18 million under U.S.S.G. §§ 2N2.1(c); 2B1.1(b)(1)(K), and may argue for other sentencing enhancements, including leadership role under U.S.S.G. § 3B1.1.

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

### 5.    Waiver of Appeal, FOIA and Privacy Act Rights

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the

concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

6.      **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

7.      **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

**8.     Restitution**

Defendant agrees that restitution is mandatory pursuant to 18 U.S.C. §3663A. Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant agrees that an offense listed in § 3663A(c)(1) gave rise to this plea agreement and as such, victims of the conduct described in the charging instrument, statement of facts or any related or similar conduct shall be entitled to restitution. The parties acknowledge that determination of the identities, addresses and loss amounts for all victims in this matter is a complicated and time consuming process. To that end, defendant agrees, pursuant to 18 U.S.C. § 3664(d)(5), that the court may defer the imposition of restitution until after the sentencing; however, defendant specifically waives the 90 day provision found at 18 U.S.C. § 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

**9.     Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the indictment or statement of facts.

**10.     Dismissal of Other Counts**

As a condition of the execution of this agreement and the Court's acceptance of the defendant's plea of guilty, the United States will move to dismiss the remaining counts of the indictment against this defendant.

**11.     Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any drug, fraud, and money laundering-related asset that the defendant owns or over which the defendant exercises control,

directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, or facilitating property or property involved in the offense including but not limited to the following specific property: $1,292,650.77 in United States dollars and $8,974.95 in Canadian dollars. The defendant understands that if proceeds of the offense are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the proceeds or forfeit substitute assets. *See United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006). The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

### 12.   Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant

understands and agrees that all property covered by this agreement is subject to forfeiture as

proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal

conduct giving rise to forfeiture, and substitute assets for property otherwise subject to forfeiture.

### 13.    The Defendant's Obligations Regarding Assets Subject to Forfeiture

Upon request by the government, the defendant agrees to identify all assets in which the

defendant had any interest or over which the defendant exercises or exercised control, directly or

indirectly, within the past four years.  The defendant agrees to take all steps as requested by the

United States to obtain from any other parties by any lawful means any records of assets owned

at any time by the defendant.  The defendant agrees to undergo any polygraph examination the

United States may choose to administer concerning such assets and to provide and/or consent to

the release of the defendant's tax returns for the previous five years.

### 14.    Payment of Taxes and Filing of Tax Returns

The defendant consents to any motion by the United States under Rule 6(e)(3)(E) of the

Federal Rules of Criminal Procedure, to disclose grand jury material to the Internal Revenue

Service for use in computing and collecting the defendant's taxes, interest and penalties, and to

the civil and forfeiture sections of the United States Attorney's Office for use in identifying

assets and collecting fines and restitution.  The defendant also agrees to file true and correct tax

returns for the years 2011 through 2014 within sixty days and to pay all taxes, interest and

penalties for the years 2011 through 2014 within a reasonable time in accordance with a plan to

be devised by the Probation Office.  The defendant further agrees to make all books, records and

documents available to the Internal Revenue Service for use in computing defendant's taxes,

interest and penalties for the years 2011 through 2014.

8

### 15. Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a. The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying

9

this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

## 16.     Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente
United States Attorney

By: _____
Alexander T.H. Nguyen
Kellen S. Dwyer
Jay V. Prabhu
Assistant United States Attorneys

10

<u>Defendant's Signature</u>:  I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment.  Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case.  I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand this agreement and voluntarily agree to it.

Date: 3/9/15          _____
                      David E. Burke
                      Defendant


       <u>Defense Counsel Signature</u>: I am counsel for the defendant in this case.  I have fully explained to the defendant the defendant's rights with respect to the pending indictment.  Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 3/9/15          _____
                      Stuart A. Sears
                      Marc Agnifilo
                      Counsel for the Defendant

11